OPINION
{¶ 1} This appeal arises from the Lake County Court of Common Pleas wherein appellant, Kristy Linn Cardina ("Cardina"), pled guilty to one count of aggravated theft, one count of tampering with records, and one count of forgery.
 {¶ 2} Cardina was employed at Marsh-Berry Corporation, in Concord Township, as a bookkeeper. Over a seven-year period, Cardina embezzled approximately $233,000 from the company through the unauthorized use of company checks as well as the manipulation of financial records and tax forms.
 {¶ 3} Cardina was indicted on one count of aggravated theft, one count of tampering with records, three counts of forgery, and one count of unauthorized use of computer or telecommunication property.
 {¶ 4} Cardina pled guilty to one count of aggravated theft, one count of tampering with records, and one count of forgery. A nolle prosequi was entered on the other counts contained in the indictment.
 {¶ 5} Cardina was sentenced to four years imprisonment on the theft charge and three years imprisonment on the tampering with records charge. Those sentences were ordered to run consecutively. Cardina was sentenced to eighteen months imprisonment on the forgery charge, which was ordered to be served concurrently with the foregoing sentences.
 {¶ 6} Cardina subsequently filed this appeal citing a single assignment of error:
 {¶ 7} "The trial court erred to the prejudice of the defendant-appellant when it ordered consecutive sentences."
 {¶ 8} Cardina contends that the trial court erred in failing to adequately state its reasoning in imposing consecutive sentence and, even if the court did provide adequate reasoning, it did not properly apply the statutory factors to be considered when imposing consecutive sentences.
 {¶ 9} A felony sentence is reviewed by the appellate court de novo.[1] Appellant must demonstrate, "by clear and convincing evidence, that the record does not support the sentence or that the sentence is otherwise contrary to law."[2]
 {¶ 10} R.C. 2929.14(E)(4) governs the imposing of consecutive sentences and reads in pertinent part:
 {¶ 11} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that the consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 12} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing * * *.
 {¶ 13} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 14} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 15} The trial court is also required to make explicit findings justifying the imposition of consecutive sentences under R.C.2929.19(B)(2)(c). The court may not simply apply or recite the factors in R.C. 2929.14(E)(4) without providing the basis for their application.[3]
 {¶ 16} In the case at bar, a review of the transcript from the sentencing hearing reveals the following statement by the court:
 {¶ 17} "The Court further finds that consecutive sentences are necessary in order to protect the public or punish the offender and are not disproportionate to the seriousness of the offender's conduct and the danger the offender poses to the public. The Court is required to give a specific reason and the Court finds that this particular action of the defendant or actions I should say were concerted and deliberate over a long period of time, a period of seven years, that resulted in extreme hardship to the victim, it placed the victim and the victim's company and employees in a position of dire economic want and to a position where the victim may not be able to survive further adding to the misery and problems of the company, its employees and shareholders."
 {¶ 18} We find that the trial court properly adhered to the requirements for imposing consecutive sentences. Not only did the court clearly provide very specific reasons for imposing consecutive sentences, but the court also outlined the statutory factors and applied them to this case. The trial court recognized the seriousness of the offense and found that consecutive sentences were not disproportionate to the seriousness of the offender's conduct.
 {¶ 19} The court also specifically detailed the effect of Cardina's conduct on the victims, namely the company, the employees of the company, and the company's shareholders. Thus, Cardina has failed to demonstrate, by clear and convincing evidence, that the trial court did not provide adequate reasoning for the imposition of consecutive sentences and that the court did not properly apply the factors set forth in R.C. 2929.14(E)(4).
 {¶ 20} Appellant's assignment of error is without merit.
 {¶ 21} The judgment of the trial court is affirmed.
DONALD R. FORD, J., JUDITH A. CHRISTLEY, J., concur.
[1] R.C. 2953.08(G)(2).
[2] State v. Bradford (June 1, 2001), 11th Dist. No. 2000-L-103, 2001 Ohio App. LEXIS 2487, at *3.
[3] Id. at *11.